ORIGINAL

FILED
U.S. DISTRICT COURT
2009 APR 23 PM 12: 38
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MARTIN ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-018 |
| ) | |
| FRED BURNETTE, Warden, and SAM ) | |
| ZANDERS, Captain, in their individual ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Telfair State Prison in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

I.  BACKGROUND

Upon review of Plaintiff's complaint, the Court finds the following. Plaintiff has filed the above-captioned case against: (1) Fred Burnette, Warden of Telfair State Prison ("TSP"); and (2) Sam Zanders, Captain at TSP. (Doc. no. 1, pp. 1, 4). According to Plaintiff, in early December 2008, Defendant Zanders entered the F-2 dormitory claiming he smelled smoke. (Id. at 5). Plaintiff alleges that he was taken from his cell, and that Defendant Zanders confiscated his legal papers, mail, telephone numbers and addresses, and never returned them. (Id.). Plaintiff further alleges that among the legal papers was an appellate brief and his attorney's address and telephone number. (Id.). Plaintiff maintains that the "loss [of his legal papers] caused him irreparable harm in perfecting his appeal since he had received legal assistance in the preparation of his appellate brief that could not be replaced." (Id.).

Plaintiff states that he advised Defendant Burnette in writing of the incident immediately after it occurred. (Id.). However, Plaintiff asserts that he never received a response. (Id.). Plaintiff concludes by noting that Defendant Burnette denied the grievance concerning the incident without sufficiently investigating events. (Id.). Plaintiff "seeks punitive and compensatory damages as well as other appropriate relief. . . ." (Id. at 6).

II.  DISCUSSION

A.  Procedures and Grievance Claim

To the extent Plaintiff alleges that his constitutional rights were violated by Defendant Burnette, because his grievance was mishandled as to its investigation, his claim must fail. "Procedural requirements alone do not create a substantive liberty interest, and

mere violation of such procedures is not a constitutional violation." Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (Table); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").

The Eleventh Circuit's decision in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989) (*per curiam*) is instructive on this point. In that case, the plaintiff alleged numerous claims, including a violation of "the grievance procedures established by the State Department of Corrections." Id. at 1467. Addressing the plaintiff's claims, the magistrate judge determined that the "violation of the grievance procedure did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution." Id. In the end, the magistrate judge determined that none of the plaintiff's claims had merit. Id. at 1468. Although the Eleventh Circuit found error with the trial court's analysis of one of the plaintiff's retaliation claims, it found no error with the trial court's adoption of the magistrate judge's recommendation regarding the plaintiff's grievance claim. Id.

In this case, Plaintiff states that Defendant Burnette denied Plaintiff's grievance without sufficiently investigating the incident. However, alleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under § 1983. Buckley v.

3

Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). "There is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz, 64 F. Supp.2d at 731. Therefore, Plaintiff's claim against Defendant Burnette, regarding an alleged violation of the grievance procedures fails as a matter of law.

### B. Access to the Courts

Plaintiff also alleges that Defendant Zanders denied him access to the courts. (Doc. no. 4, p. 5). To state a viable denial of access to the courts claim, Plaintiff must plead and prove actual injury to existing or contemplated litigation or nonfrivous (and therefore viable) claims challenging his sentence or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 349-55 (1996); see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement."). The Eleventh Circuit has clarified the requirements for pursuing a denial of access to the courts claim as follows:

> [A] plaintiff first must show actual injury before seeking relief . . . . This essential standing requirement means that [a defendant's] actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of [] deterrence, such as denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [a defendant].

Blankenship, 163 F.3d at 1290-91(citations omitted). Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . .

4

'efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*)).

Although Plaintiff states that Defendant Zanders denied Plaintiff access to the courts by confiscating Plaintiff's appellate brief for which he received legal advice, Plaintiff fails to alleges facts or provide evidence which demonstrate that he had possibly viable claims that were negatively impacted by the confiscation of the legal papers. Nor does he say that the confiscation of his legal papers resulted in dismissal of any case. As such, Plaintiff's denial of access to the courts claim should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of April, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE